IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SEAN ODELL-BRYAN ROSS,<br><br>Plaintiff,<br><br>vs.<br><br>SHERIFF PETERSON, ET AL.,<br><br>Defendants. | CV 25-29-M-SPW<br><br>ORDER |

Plaintiff Sean Odell-Bryan Ross filed a 42 U.S.C. § 1983 Complaint related to his current conviction and incarceration. (Doc. 1.) Ross's claims are more appropriate for a petition for a writ of habeas corpus. The Complaint will be dismissed.

This is not Ross's first Complaint in this Court. In December 2024, he filed substantially the same document in *Ross v. Peterson et al.*, CV 24-173-M-DWM. Judge Molloy dismissed the Complaint and advised Ross that his claims should be brought as a habeas petition. Ross did so, in *Ross v. Peterson*, CV 25-17-H-DWM. Ross's Petition was screened, and he was advised in that habeas proceeding that he must exhaust his state remedies, regarding his state incarceration, before he brings a federal action.

Whether Ross has done so is unknown. However, Ross's new Complaint is a repeat of his prior allegations as to what he characterizes is a wrongful

1

incarceration. He alleges that he was sentenced to the Montana State Hospital or the least restrictive alternative for mental health treatment. (Doc. 1 at 4.) Instead, he has been held, he contends illegally, at Missoula County Detention Center.

"Habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). A prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement" and must seek federal habeas corpus relief (or appropriate state relief) instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Ross's Complaint will be dismissed. His remedy most likely lies in a petition for a writ of habeas corpus in *state court*.

Accordingly, IT IS HEREBY ORDERED:

1. Ross's Complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2. The Clerk of Court shall have the docket reflect that the filing of this Complaint counts as a strike against Ross within the meaning of 28 U.S.C. § 1915. An appeal would not be taken in good faith.

DATED this 22nd day of April, 2025.

Susan P. Watters, District Judge
United States District Court